IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-550-FL

| | | |
|---|---|---|
| HARGROVE, BRANDEN D, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FAYETTEVILLE PUBLIC WORKS | ) | |
| COMMISSION (PWC), | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for a preliminary injunction and a temporary restraining order (DE 4). For the following reasons, the motion is denied.

Plaintiff alleges that defendant has scheduled termination of plaintiff's utility services for September 4, 2025. (Mot. TRO/PI (DE 4) 1). Plaintiff contends that this disconnection is unlawful under both the Due Process Clause to the United States Constitution and under various theories of North Carolina contract law.

Preliminary injunctive relief is an extraordinary remedy awarded only if a party establishes 1) likelihood of success on the merits; 2) likelihood of irreparable harm in the absence of relief; 3) that the balance of equities tips in his favor; and 4) that relief is in the public interest. Roe v. Dep't of Defense, 947 F.3d 207, 219 (4th Cir. 2020).

Regarding plaintiff's contract and contract-adjacent theories, plaintiff has not shown a likelihood of success on the merits. His exhibits all show that plaintiff claims to be both an estate and a trust, and that he purported to make payment under the names of one or both of these separate

1

purported entities through arcane financial instruments. (See, e.g., Compl. Ex B-4 (DE 1-5); id. B-5 (DE 1-6); id. Ex. D-2 (DE 1-24)).[1]

The court cannot conclude that these filings demonstrate a likelihood of success on any of plaintiff's contract-based theories. Even if they could, plaintiff's exhibits, which control over the allegations of his complaint, demonstrate that the pertinent utility account is not under plaintiff's name, or the names of his supposed estate and/or trust, but rather under the name of a third party not a part of this suit. (See Compl. Ex. D-7 (DE 1-29) 1 ("Customer Name: Latonyia Hargrove")); Goines v. Valley Community Servs. Bd., 822 F.3d 159, 166–67 (4th Cir. 2016) (holding that when exhibit attached to complaint contradicts allegations, exhibit governs). Finally, this court has previously admonished plaintiff for improperly attempting to present the claims of this very same third party. (See Order, Hargrove v. Security First Bank, No. 5:24-cv-690-FL (E.D.N.C. Apr. 21, 2025) DE 21 (dismissing claims for attempting to assert rights of non-party Latonyia Hargrove)).

Nor is plaintiff likely to succeed on his constitutional claim. Plaintiff relies upon Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978). That case held only that public utilities must provide notice and an opportunity to dispute the accuracy of a utility charge before disconnection. See id. at 18. Plaintiff does not argue that defendant did not provide these opportunities, and his exhibits demonstrate to the contrary. (See Compl. Ex. D-7). Plaintiff's position is instead that defendant's failure to accept his purported payments is itself unconstitutional. But Craft does not stand for this proposition. Plaintiff therefore fails to establish a likelihood of success on his Due Process Clause claim either.

For the foregoing reasons, plaintiff's motion (DE 4) is DENIED.

---

[1] Moreover, the court notes that these filings contain baseless arguments often made by so-called "sovereign citizen" litigants which have "no conceivable validity in American law." United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990).

SO ORDERED, this the 4th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge